IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUZIE PATRICIA SCOTT,

                    Plaintiff,

  v.

WISCONSIN HISTORICAL MUSEUM,

                    Defendant.

OPINION and ORDER

24-cv-185-jdp

---

SUZIE PATRICIA SCOTT,

                    Plaintiff,

  v.

CATHEDRAL PARISH: HOLY REDEEMER and
ST. PATRICK'S CATHOLIC CHURCH,

                    Defendants.

OPINION and ORDER

24-cv-186-jdp

---

SUZIE PATRICIA SCOTT,

                    Plaintiff,

  v.

NEIGHBORHOOD HOUSE COMMUNITY CENTER,

                    Defendant.

OPINION and ORDER

24-cv-187-jdp

---

Plaintiff Suzie Scott, without counsel, brings three lawsuits seeking to enjoin the Wisconsin Historical Museum, Holy Redeemer Catholic Church, St. Patrick Catholic Church, and Neighborhood House Community Center from demolishing their buildings. The court has already allowed Scott to proceed without prepayment of the entire filing fee. The next step is for me to screen Scott's complaints under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of

them that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Scott's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I previously dismissed a case that Scott brought seeking to stop demolition of St. John's Lutheran Church. *See Scott v. St. John's Lutheran Church*, No. 23-cv-687-jdp, 2023 WL 8234261 (W.D. Wis. Nov. 28, 2023). I will dismiss these three cases for similar reasons.

Scott contends that defendants' plans violate the National Historic Preservation Act, which sets forth certain requirements for protection and preservation of historic property included on the National Register of Historic Places, *see* 54 U.S.C. §§ 300308, 300311, 300315. She also contends that the plans violate a provision of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, requiring an environmental impact statement for actions taken regarding historic buildings. But as I explained in the '687 case, Scott can't bring claims under the National Historic Preservation Act against non-federal agencies. *Scott*, 2023 WL 8234261, at *1 (citing *Saunders v. Art Council of Princeton*, No. 21-1118, 2021 WL 6124315, at *3 (3d Cir. Dec. 28, 2021) ("[N]o private action exists against non-federal agencies under the [Preservation Act]."); *Edwards v. First Bank of Dundee*, 534 F.2d 1242, 1245–46 (7th Cir. 1976) (Preservation Act didn't authorize action against bank to stop demolition of private building when project wasn't federally funded or assisted)). Similarly, the National Environmental Policy Act "reaches only major federal actions, not actions of non-federal actors" such as the defendants named here. *Protect Our Parks, Inc. v. Buttigieg*, 39 F.4th 389, 399 (7th Cir. 2022). Nothing in Scott's complaints or requests for injunctive relief suggests that federal agencies are significantly involved in these redevelopment projects and have failed in their duties to apply

these laws. Rather, her allegations reflect only her generalized discontent at the buildings being demolished; that's not enough to state a federal cause of action.

Scott also contends that defendants are violating a Wisconsin statute prohibiting the demolition of a historic building without authorization. *See* Wis. Stat. 943.014. Without a viable federal-law claim in this case, I can consider this claim only if the court may exercise its diversity jurisdiction, which exists when (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. 28 U.S.C. § 1332. Scott does not assert the partes' citizenships, but nothing in her filings suggests anything other than that all of the parties are citizens of Wisconsin. Even if the requirements for diversity jurisdiction were met, Scott does not actually allege that she has personal knowledge that any of the buildings are being demolished without authorization.

The court of appeals has cautioned against dismissing an unrepresented plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal of these cases is appropriate because I see no allegations suggesting that Scott could amend her complaints to state a claim for relief in federal court.

This is now four meritless cases that Scott has filed seeking to intervene in the demolition of Madison buildings. To avoid the further waste of resources, I will enter the following filing restriction against Scott: I will summarily dismiss any future complaint that she files concerning the demolition of any building.

ORDER

IT IS ORDERED that:

1. These cases are DISMISSED.

3

2. The clerk of court is directed to enter judgment accordingly and close these cases.

3. Plaintiff is sanctioned with the filing restriction described in the order above.

Entered April 15, 2024.

                          BY THE COURT:

                          /s/
                          _____
                          JAMES D. PETERSON
                          District Judge